L. R. BURCH v. S. H. SCOTT, M. A. PENNY, AND THE AMERICAN REALTY AND AUCTION COMPANY.

(Filed 14 April, 1915.)

1. Contracts, Vendor and Vendee—Equity—Mental Incapacity—Intoxication —Cancellation—Fraud—Ratification—Trials—Issues.

In a suit to set aside a contract for the sale of lands on the ground of mental incapacity of the plaintiff at the time, with evidence that thereafter he paid a part of the purchase price and executed his notes for the balance, an issue as to the mental incapacity of the plaintiff to make the agreement of purchase is insufficient; for in suits of this character equity will afford no relief, in the absence of fraud, or if the complaining party has suffered no disadvantage, or if he has subsequently ratified his acts; and under the circumstances of this case separate and appropriate issues should also have been submitted to the jury. *Cameron v. Power Co.*, 138 N. C., 365, cited and distinguished as an action at law.

BURCH *v.* SCOTT.

2. **Contracts—Equity—Cancellation—Intoxication—Fraud—Presumptions.**

   A presumption of fraud will arise from dealing with a person so intoxicated that his condition is manifest, and a court of equity will afford relief if he is imposed upon.

3. **Contracts, Vendor and Vendee—Equity—Intoxication—Mental Incapacity —Evidence.**

   In a suit to set aside a contract for the sale of lands, to recover a part of the purchase price paid by the plaintiff and to cancel notes given by him for the balance thereof, on the ground that the plaintiff was mentally incapacitated from drink at the time, an instruction from the court to answer the issue in plaintiff's favor if the jury found that his drunkenness was so excessive as to render him incapable of consent, "or for the time to incapacitate him from exercising his judgment," constitutes reversible error on the alternative proposition, the measure of the plaintiff's disability being such as would incapacitate him from understanding the nature of his act, its scope and effect, or consequences.

   HOKE, J., concurs in the result.

APPEAL by defendant Realty Company from *Whedbee, J.,* at October Term, 1914, of WAKE.

Civil action tried upon this issue: "Did plaintiff L. R. Burch, on 8 December, 1913, have sufficient mental capacity to make the contract set out in the pleadings? Answer: No."

Thereupon the court adjudged that certain notes and contract executed by the plaintiff for purchase money of certain lands be canceled, and that he recover from the defendants, the American Realty and Auction Company, the sum of $660, the cash payment made on said land. Defendants appealed.

*Percy J. Olive, J. C. Little for plaintiff.*
*Winston & Biggs for defendant.*

BROWN, J. In this action the plaintiff seeks the aid of the Court to set aside and declare void certain notes, and a contract, executed and delivered by him to defendants, and to recover a sum of money paid by him to the defendants, all of which represented the purchase money of certain lands purchased at public auction by the plaintiff from defendants.

The lands were sold at public auction on 8 December, 1913, by the defendant auction company, as the property of the defendant M. A. Penny, the defendant Scott holding a purchase-money mortgage thereon and consenting to the sale.

Scott and Penny contracted with the auction company to advertise and sell the lands under a contract by which the said company practically controlled as well as conducted the sale. The plaintiff became the purchaser and the same day paid $660 cash to the auction company and executed certain notes payable to Scott, secured by a written contract of sale.

The plaintiff alleges that at the time he purchased said land and executed the notes and paid over the cash payment he was in a state of intoxication and did not know what he was doing, "but notwithstanding plaintiff's intoxication, and the knowledge of said defendants that plaintiff was so intoxicated, the said defendants continued to urge said plaintiff to consummate said sale by paying a portion of the purchase price and giving his notes for the balance of the said purchase price."

These allegations are denied by the defendants.

It is contended by the defendant that the issue submitted is not determinative of the controversy, and will not support the judgment rendered, as questions raised by the pleadings and material to the inquiry have not been determined. *Bryant v. Ins. Co.,* 147 N. C., 184.

This involves the consideration of the character of this action and the relief sought. It is essentially a suit in equity in which plaintiff seeks to set aside an executed contract. In that respect it differs materially from *Cameron v. Power Co.,* 138 N. C., 365. That was an "action at law" for damages for breach of a contract entered into by the president of the power company, whereby the latter contracted to purchase of the plaintiff an engine. The contract had never been executed and the intoxication of defendant's president who made the contract was pleaded in bar of a recovery. In law the contracts of an intoxicated person are avoided on the ground of incompetency, but in equity they are avoided on the ground of fraud.

There is very respectable authority for the position contended for by the learned counsel for defendant, that equity will afford relief only where the intoxication has been taken advantage of by the other party, or where the intoxicated party has been taken advantage of or been imposed upon. But where the party against whom relief is asked had no knowledge of the intoxication, took no advantage of it, and practiced no fraud, equity will not interfere. 14 Cyc., 1105, and cases cited; *Swan v. Talbot,* 17 L. R. A., U. S., 1066, and notes; *Wright v. Waller,* 54 L. R. A., 440.

A presumption of fraud will arise from dealing with a person so intoxicated that his condition is manifest, and a court of equity will afford relief if the person is imposed upon. *Spinkle v. Welborn,* 140 N. C., 163.

As this case is to be tried again, we will not definitely pass upon these questions until the facts are found in response to proper issues. Additional issues should be submitted as to whether the defendants had knowledge of such intoxication, and took advantage of it, and again whether plaintiff, after purchasing the land, afterwards, when recovered from his condition, ratified the purchase with full knowledge by paying the purchase money and executing the notes.

The defendant excepts to that part of his Honor's charge in which he instructed the jury: "If you find from the evidence that the plaintiff

BANK *v.* TRUST CO.

was drunk at the time of the alleged transactions, and his drunkenness was so excessive as to render him incapable of consent, or for the time to incapacitate him from exercising his judgment, then your answer to the issue should be 'No.'" The objection is to the alternative, "or for the time to incapacitate him *from exercising his judgment.*"

The charge of the learned judge was full and generally correct as to what constitutes "mental incapacity," but we think he erred in directing the jury to answer the issue "No" if the drunkenness incapacitated the plaintiff from exercising his judgment, and possibly they were misled. The measure of capacity is the ability to understand the nature of the act in which he is engaged, and its scope and effect, or its nature and consequences; not that the plaintiff should be able to act wisely or discreetly, nor to drive a good bargain. *Cameron v. Power Co., supra; Spinkle v. Welborn, supra.*

It is a matter of common knowledge that a person under the influence of liquor is not likely to act with that wisdom and discretion which would be exercised when perfectly sober, for it is a true and trite saying that when "wine is in, wit is out!"

The law does not undertake to relieve a man from contracts made when he is under the stimulus of liquor. It will only afford relief sometimes when it appears that the party seeking it was so drunk that he was destitute of reason and unable to comprehend the nature of the contract and its consequences.

New trial.

PER CURIAM. This disposes of both appeals in this case as to all parties, as ordered.

HOKE, J., concurs in result.